[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence September 20, 1993 Date of Application September 21, 1993 Date Application Filed September 30, 1993 Date of Decision April 26, 1994
Application for review of sentence imposed by the Superior Court, G.A. 11 at Windham.
Ramon J. Canning, Esq., Defense Counsel, for Petitioner
Mark Stabile, Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
MEMORANDUM OF DECISION
By the Division:
The petitioner expressly waived his right to a hearing before a three judge panel and agreed to have his petition heard by a panel of two judges.
In each of the three files herein, the petitioner pleaded guilty to one Count of Burglary, 3rd degree (§ 53a-103). He was sentenced to an effective sentence of ten years, execution suspended after seven years, and five years of probation. There was no plea agreement in this case. At the same time, the petitioner was in violation of probation with three years left to serve on the underlying charge. The sentencing court terminated the probation. CT Page 5751
The three burglaries occurred in the months of May and June 1993. One was into a car dealership, one into a car wash where $800 and a handgun were reportedly stolen, and the third was into a factory where some $4000 worth of equipment was taken along with some ransacking and associated damage.
Petitioner's attorney claims the sentence was harsh and that the sentencing judge gave undue consideration to a letter from the warden at the Radgowski Correctional Center which was attached to the PSI, and which states that the petitioner is disrespectful of the staff, that he has accumulated 72 disciplinary reports since 1987, that he has attempted to escape and is a proud gang member.
Counsel, however, responded to the contents of that letter by refuting some of its allegations and by pointing out that all but a couple of disciplinary reports were from previous incarcerations. Significantly, the sentencing court made little if any comment about those allegations. It's comments were more focused on the record of the petitioner and the charges for which he was being sentenced.
The State's Attorney pointed out that some nine felonies were nolled in connection with this case, and that the sentence was warranted by the petitioner's criminal record.
The petitioner, although only twenty-two years old when he was sentenced, has a substantial record. He had three prior burglary convictions, possession with intent to sell hallucinogenic substance, reckless endangerment, escape, interfering with a police officer, assault 2nd degree, and two violation of probation convictions. He had received a prison sentence (three years to serve in 1987) and several sentences of one year each (in 1990, 1991 and 1992).
The sentence he received for these offenses is, as the State's Attorney claims, fully warranted by the nature of the offenses, the character of the petitioner, the need for public protection, the deterrent and denunciatory purpose of a sentence, in addition to the rehabilitative aspect.
The Division finds the sentences imposed to be appropriate and proportional. They are affirmed.
Klaczak, J. Norko, J. CT Page 5752
Klaczak and Norko, J.s, participated in this decision.